Sawyer *v.* Pratt.

---

FRANCIS A. SAWYER *vs.* JABEZ PRATT.

By *St.* 1840, *c.* 87, §§ 4, 5, the instructions given to a jury by the court of common pleas, in the trial of an issue joined on a rejoinder to a replication to a plea in abatement, are not the subject of a bill of exceptions.

THIS was an action of replevin. The writ was directed to, and served by, a coroner; the defendant being therein described as a deputy of the sheriff of the county of Suffolk. The defendant pleaded in abatement, that said sheriff was not, at the time of the service of the writ, a party to, nor interested

in, the case, and that the officer who served the writ was not, at the time of the service, a sheriff, nor a deputy sheriff, and therefore was not authorized by law to serve the same. The plaintiff's replication alleged that the sheriff of Suffolk was, at the time of the service of said writ, and still is, interested in the case, and that the coroner, who made said service, was by law authorized to make it. The defendant, in his rejoinder, denied the interest of said sheriff in the case, and tendered an issue to the country, which was joined by the plaintiff.

At the trial, in the court of common pleas, the plaintiff, to show the interest of the sheriff, as alleged in said replication, introduced evidence of the following facts : 1st. That the defendant, at the time of the service of said writ, and long before, and at the time of said trial, was a deputy of the sheriff of Suffolk : 2d. That said sheriff, on the 11th of April 1839, gave a bond, with sureties, to the treasurer of the Commonwealth, in the sum of $30,000, conditioned, among other things, to " respond and answer for the malfeasance and non-feasance of all and each of his deputies : " 3d. That the property replevied in this suit was attached by the defendant, as acting deputy sheriff, as the property of John Cushman, by virtue of a writ sued out against him by Henry Hammond.

Upon this evidence, the court instructed the jury, that the sheriff was interested in this case, at the time of the service of the writ, and at the time of the trial ; and a verdict was returned for the plaintiff, conformably to said instruction The defendant alleged exceptions.

*Wheelock*, for the defendant.

*A. Cushing*, for the plaintiff.

SHAW, C. J. It is very clear that this case is not rightly before this court, by bill of exceptions. Nor could it be brought up by appeal. *St.* 1840, *c.* 87, §§ 4, 5. In allowing bills of exceptions, and appeals, founded on matter of law apparent on the face of the record, judgments founded on pleas in abatement are expressly excepted.

It was argued, however, that a distinction may be taken, that here an issue in fact was joined and tried. But that can

make no difference. The judgment must be that the writ be or be not abated, and therefore is founded on the plea.

It was intimated, as another distinction, that, in this case, the bill of exceptions embraced partly matter of fact and partly law. If it was so, it is quite certain that the exceptions were irregularly taken, and improvidently allowed; and any appeal, in such case, without reference to its being on a plea in abatement, is prohibited by the *St.* 1840, *c.* 87, § 4. The exceptions are overruled, and the cause remanded to the court of common pleas.

[After this action was tried in the court of common pleas, it was decided, in *Browning* v. *Bancroft*, 5 Met. 88, that a sheriff is not so interested in an action of replevin brought against his deputy, for property attached by him, as to authorize à coroner, under Rev. Sts. *c.* 14, § 97, to serve the writ of *replevin on the deputy*.]